IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| EUGENE L. CLECKLER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:08-CV-397-WKW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **ORDER**

On April 3, 2009, the Magistrate Judge filed a Recommendation (Doc. # 27) that Petitioner's 28 U.S.C. § 2255 motion be denied. On April 8, 2009, Petitioner filed several objections to the Recommendation, all of which are due to be overruled. (Doc. # 28.)

Having conducted an independent and *de novo* review of the Recommendation and the case as a whole, *see* 28 U.S.C. § 636(b)(1)(C), having presiding over the jury trial, and having previously reviewed the trial transcript, the court finds that most of the objections simply restate the content of the Petition[1] and that in any event, the Magistrate Judge has

---

[1] Petitioner suggests that the Magistrate Judge, in analyzing whether there was prejudice flowing from counsel's admitted failure to advise Petitioner of the consequences of testifying, incorrectly shifted the ground of inquiry from the constitutionality of his conviction to the issue of sentencing, using the length of his sentence as the sole benchmark. Petitioner is wrong in at least two respects. First, he conflates the prejudice analysis regarding the obstruction of justice claim with the prejudice inquiry regarding the failure to advise about testifying claim. Because in the view of this court and the Eleventh Circuit this is not a close case (and the Magistrate Judge agrees), Petitioner has failed to demonstrate a reasonable probability that the jury would have rejected the substantial evidence against him in the absence of his strong denials in his testimony. Second, he assumes too much in speculating what the sentence might have been in the absence of the enhancement. Post-*Booker*, the undersigned does not know the effect of a different sentencing landscape (not only the absence of the enhancement, but the unrefuted allegations of the government), and if the court cannot know, certainly the Petitioner is in no better position to postulate a sentencing result.

accurately and thoroughly addressed the reasons for the failure of the arguments of the Petitioner. Accordingly, it is ORDERED that the Recommendation is ADOPTED and the 28 U.S.C. § 2255 motion is DENIED.

An appropriate judgment will be entered.

DONE this 29th day of May, 2009.

                                            /s/  W. Keith Watkins
                                        UNITED STATES DISTRICT JUDGE